# United States District Court

SOUTHERN DISTRICT OF NEW YORK

TZVI HERSKOVITZ

v.

THE CITY OF NEW YORK, THE DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, AND JOSEPH KAPLAN

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

05 CV 8969

JUDGE KOELTL

TO: (Name and Address of Defendant)

SEE ANNEXED "RIDER"

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

HERZFELD & RUBIN, P.C.
40 WALL STREET
NEW YORK, NEW YORK 10005
Attn: Alisa Silverstein, Esq.

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON

CLERK

DATE OCT 2 1 2005

BY DEPUTY CLERK

# "Summons Rider"

The City of New York
Office of the Comptroller
1 Centre Street, Room 1235
New York, New York 10007

The New York City
Department of Citywide
Administrative Services
1 Center Street, 17th Floor
New York, New York 10007-2304

Joseph Kaplan
c/o The City of New York
Office of the Comptroller
1 Centre Street, Room 1235
New York, New York 10007

JUDGE KOELTL

UNITED STAES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

TZVI HERSKOVITZ, 05 CV Case Number: 8969

Plaintiff,

- against –

THE CITY OF NEW YORK, THE DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES and JOSEPH KAPLAN.

Defendants.

--------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**




Plaintiff, Tzvi Herskovitz, by his attorneys, Herzfeld & Rubin, P.C. as and for his complaint against Defendants, alleges the following upon information and belief:

**SUMMARY OF CHARGES**

1. This is an action against plaintiff's employer and supervisor for discrimination, harassment and hostile work environment based upon race, religion and national origin; retaliation; violations of Title VII of the Civil Rights Act of 1964, as amended, the New York Executive Law § 296 et seq. and the New York City Administrative Code § 8-107 et seq.

**PARTIES**

2. At all relevant times mentioned herein, Plaintiff Tzvi Herskovitz was a resident of the County of Kings, City and State of New York.

3. At all relevant times herein, Defendant, THE CITY OF NEW YORK was and still is a municipal corporation with its principal place of business in the City and State of New York.

4. At all relevant times herein, Defendant, THE DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES (hereinafter "DCAS") was and is a municipal corporation and/or department and/or agency with its principal place of business in the City and State of New York.

5. At all relevant times herein, Defendant, JOSEPH KAPLAN (hereinafter "Kaplan") was employed by Defendants, THE CITY OF NEW YORK and DCAS, as Director of the Department of Real Estate Services MIS Unit.

**JURISDICTION**

6. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331, 1332 and 1367 for the violation of 42 U.S.C. § 2000 et seq. and pendent jurisdiction over plaintiff's related state law claims. The amount in controversy exceeds $750,000.00

7. Venue lies in the Southern district of New York by virtue of the fact that the occurrences alleged took place there and the City of New York defendants maintain an office there.

**FACTUAL ALLEGATIONS**

8. Plaintiff is a Hasidic Jew.

9. Plaintiff was hired on or about July 17, 2000 by Defendants THE CITY OF NEW YORK and DCAS in the position of community associate.

10. In or about October 2002, Plaintiff was promoted to the position of principle administrative associate.

11. From the time Plaintiff was hired and continuing to date, Defendant Kaplan was and continues to be Plaintiff's supervisor.

12. Commencing in or about February 2002, Defendant Kaplan began a systematic and deliberate pattern of discrimination, abuse and harassment against Plaintiff.

13. Defendant Kaplan has and continues to falsely accuse Plaintiff of not doing his job properly and reprimands Plaintiff without reason or cause with the sole intent to embarrass him.

14. Defendant Kaplan has and continues to make fun of Plaintiff's religious beliefs, customs, traditions, family composition and his appearance.

15. Defendant Kaplan has and continues to force Plaintiff to do personal favors for Defendant Kaplan, Kaplan's friends and family and other employees of Defendants, who Kaplan favors, on both company time and Plaintiff's own personal time.

16. Defendant Kaplan consistently gives Plaintiff contradictory assignments and unrealistic deadlines in an attempt to set Plaintiff up to fail at his job duties.

17. On or about February 10, 2004, Defendant Kaplan physically assaulted Plaintiff at the offices of DCAS by grabbing him by his collar and forcefully dragging him to a meeting.

18. This assault occurred in front of other employees and resulted in physical injury, pain and suffering, discomfort, embarrassment and humiliation for Plaintiff.

19. Plaintiff has complained to the Commissioner of Personnel about the assault and other abusive behavior, but nothing has been done to rectify the problem.

20. Defendant Kaplan's actions and behavior has deprived Plaintiff of the opportunity to achieve a civil servant title and to receive raises and promotions to which he deserves and is entitled to.

21. Upon information and belief, Defendants, by and through their agents and/or employees discriminated against, harassed and degraded Plaintiff and subjected Plaintiff to a hostile work environment due to his race, religion and national origin.

22. The foregoing acts of Defendants continue to date.

23. The foregoing acts of Defendants were and are being done maliciously, willfully and with an intentional disregard of Plaintiff's rights.

24. The actions of Defendants are without reason or basis and are so arbitrary, capricious and unfounded that Plaintiff is thereby denied due process of law.

25. Plaintiff has no adequate remedy at law.

26. Plaintiff timely filed charges with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter from EEOC.

27. This action is timely commenced within ninety (90) days of receipt of the right to sue letter.

**AS AND FOR A FIRST CAUSE OF ACTION**

28. Plaintiff repeats and realleges, each and every allegation contained in paragraphs "1" through "27" above with the same force and effect as if set forth at length herein.

29. The foregoing acts of Defendants constituted unlawful discrimination in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. 2000e et seq.

30. As a proximate result of Defendant's conduct, Plaintiff was and continues to sustain loss of wages and benefits; severe, long lasting and permanent physical and emotional pain, suffering and distress, including severe humiliation and embarrassment, and other losses; and was and continues to be otherwise injured and damaged, all of which are serious, ongoing and permanent in nature.

31. As a result of Defendant's conduct, Plaintiff has been damaged in an amount which exceeds jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, along with punitive damages in an amount to be determined, together with counsel fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**

32. Plaintiff repeats and realleges, each and every allegation contained in paragraphs "1" through "31" above with the same force and effect as if set forth at length herein.

33. The foregoing acts of Defendants constituted a violation of Section 8-502(e) of the Administrative Code of the City of New York.

34. Plaintiff is complying with the Administrative Code of the City of New York requirement that the complaint be served on the Commission of Human Rights and the Corporation Counsel.

35. As a proximate result of Defendant's conduct, Plaintiff was and continues to sustain loss of wages and benefits; severe, long lasting and permanent physical and emotional pain, suffering and distress, including severe humiliation and embarrassment, and other losses; and was and continues to be otherwise injured and damaged, all of which are serious, ongoing and permanent in nature.

36. As a result of Defendant's discriminatory conduct, Plaintiff has been damaged in an amount which exceeds jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, along with punitive damages in an amount to be determined, together with counsel fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**

37. Plaintiff repeats and realleges, each and every allegation contained in paragraphs "1" through "36" above with the same force and effect as if set forth at length herein.

38. The foregoing acts of Defendants constituted unlawful discrimination in violation of New York Executive Law §296.

39. As a proximate result of Defendant's conduct, Plaintiff was and continues to sustain loss of wages and benefits; severe, long lasting and permanent physical and emotional pain, suffering and distress, including severe humiliation and

embarrassment, and other losses; and was and continues to be otherwise injured and damaged, all of which are serious, ongoing and permanent in nature.

40. That as a result of Defendants' conduct, Plaintiff has been damaged in an amount which exceeds jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, along with punitive damages in an amount to be determined, together with counsel fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**

41. Plaintiff repeats and realleges, each and every allegation contained in paragraphs "1" through "40" above with the same force and effect as if set forth at length herein.

42. Defendant, by and through its agents and employees, treated Plaintiff in a discriminatory, humiliating, demeaning and publicly embarrassing and disparaging manner which constituted a course of conduct which was extreme and outrageous, and calculated to have a severe traumatic effect upon Plaintiff's emotional condition.

43. As a result of Defendant's conduct, Plaintiff has suffered emotional distress and mental anguish, including, but not limited to sleeplessness, moodiness, depression, anxiety, apprehensiveness and other stress related ailments.

44. As a result of defendant's conduct, Plaintiff has been harmed by the intentional infliction of emotional distress by defendant.

45. As a result of Defendant's intentional infliction of emotional distress, Plaintiff has been damaged in an amount which exceeds jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with counsel fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**

46. Plaintiff repeats and alleges each and every allegation contained in paragraphs "1" through "45" above with the same force and effect as if set forth at length herein.

47. On or about February 10, 2004, Defendant Kaplan assaulted plaintiff by intentionally, knowingly, willfully and maliciously grabbing and choking plaintiff by his collar and dragging him for a considerable distance.

48. The aforesaid assault upon Plaintiff occurred while Defendant Kaplan was an employee, agent and/or servant of Defendants CITY OF NEW YORK and DCAS.

49. By reason of the aforesaid wrongful, malicious and intentional acts of Defendant Kaplan and of the fear and fright caused to Plaintiff, Plaintiff became sick and suffered physical and emotional pain, and otherwise was injured, all of which are serious, ongoing and permanent in nature.

50. That as a result of Defendants' conduct, Plaintiff has been damaged in an amount which exceeds jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with counsel fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiff demands judgment against the defendants in the First, Second, Third, Fourth and Fifth Causes of Action; together with punitive damages, attorneys' fees, interests, costs and disbursements of this action and such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 19, 2005

Yours etc.

HERZFELD & RUBIN, P.C.
Attorneys for Plaintiff

By: [signature]
Alisa L. Silverstein (AS-2926)
40 Wall Street
New York, New York 10005
(212) 471-8500